### THE STATE v. BILLINGSLEY AND DAVIDSON.

AFFRAY—INDICTMENT.—An indictment for an affray, in other respects good, is sufficient if it charges that the parties did, at a time and a public place designated, "unlawfully and willingly fight together."

APPEAL from Johnson.    Tried below before the Hon. A. J. Hood.

The indictment in this case charged that Elbert Billingsley and Samuel Davidson, in Johnson county, on the 8th of December, 1873, " at the gin-house of William Billingsley, in said Johnson county, the said gin-house being then and there a public place, did then and there unlawfully and willingly fight together, contrary," &c.

On motion of the defendant, the court quashed the indictment, on the ground that it charged no offense known to the law, from which judgment the State appealed.

*A. J. Peeler, Assistant Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The indictment in this case for an affray, though not in the usual form according to the precedents at common law, is strictly conformable to the definition of that offense in our Penal Code, and therefore no reason is perceived why it is not a good indictment.    (Paschal's Dig., art. 2011; 2 Whart. Prec., 847.)

Reversed and remanded.

REVERSED AND REMANDED.